5 F.3d 1504
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Jose E. ESPINOSA, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3636.
 United States Court of Appeals, Federal Circuit.
 July 23, 1993.
 
 Before MAYER, Circuit Judge, COWEN, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 RADER, Circuit Judge.
 
 
 1
 The Merit Systems Protection Board (Board) affirmed the Office of Personnel Management's (OPM), refusal to award Mr. Jose E. Espinosa an annuity under the Civil Service Retirement Act (CSRA), Docket No. SE0831920082-I-1. Because Mr. Espinosa did not show that the Board's decision was an abuse of discretion, unsupported by substantial evidence, or illegal, this court affirms.
 
 OPINION
 
 2
 Mr. Espinosa was a nurse employed in the Welfare Department of the Insular Government of the Philippine Islands from 1930 to 1935. On December 19, 1989, Mr. Espinosa applied for deferred annuity under the CSRA. The administrative judge (AJ) affirmed OPM's decision that Mr. Espinosa's employment did not satisfy the requirements for annuities. Thus, the AJ held that Mr. Espinosa had no vested annuity rights pursuant to the 1930 CSRA. The Board denied the petition for review affirming the AJ's decision.
 
 
 3
 This court sustains a Board decision unless: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988).
 
 
 4
 The Board correctly applied the CSRA of 1930, Pub.L. No. 71-279, Secs. 3-7, the statute in effect at the time Mr. Espinosa ended his employment. Among other things, the CSRA required that an employee work more than fifteen years in order to take advantage of deferred annuities. Mr. Espinosa worked approximately five years.
 
 
 5
 Mr. Espinosa asserts that certain 1942 amendments to the CSRA of 1930 are controlling. However, because he ended his employment in 1935 when the Philippine Islands became a sovereign nation, the 1942 amendments are not applicable. The 1942 amendments do not apply retroactively unless Congress has expressed its intent to that effect. Bennett v. New Jersey, 470 U.S. 632, 639 (1985). The 1942 amendments contain no such language.
 
 
 6
 The Board properly determined that Mr. Espinosa did not perform creditable service for the requisite fifteen year period. Therefore, this court need not address any other issues because Mr. Espinosa failed to meet the time requirement precluding eligibility for the deferred annuity.
 
 
 7
 In summary, this record discloses that the Board's decision was lawful, supported by substantial evidence, and not an abuse of discretion. This court therefore affirms.
 
 COSTS
 
 8
 Each party to bear their own costs.